# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ERIN FAERY, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2519 |
| | § | |
| WEIGAND-OMEGA | § | |
| MANAGEMENT, INC., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion to Alter or Amend Judgment ("Motion") [Doc. # 46] filed by Plaintiffs Erin Faery[1], Martin Szykowny, Stephen Herd, and Vanessa Garrington, to which Defendant Weigand-Omega Management, Inc. ("Weigand") filed a Response [Doc. # 48]. Also pending is Plaintiffs' Objections [Doc. # 47] to Defendant's Bill of Costs [Doc. # 45], to which Defendant filed a Response [Doc. # 49]. Plaintiffs neither filed a reply in support of the Motion or the Objections, nor requested additional time to do so. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion and **overrules** the Objections.

---

[1] Erin Faery married Martin Szykowny in 2011 and changed her last name to Szykowny. To limit confusion, she will be referred to by her name as it was when she was employed by Weigand and when she filed this lawsuit.

## I. BACKGROUND

Weigand is a property management company servicing self-storage facilities. Plaintiffs Erin Faery and Martin Szykowny, and Plaintiffs Stephen Herd and Vanessa Garrington were management teams at Weigand facilities. Plaintiffs filed this lawsuit under the FLSA alleging that they worked "off the clock" hours in excess of forty (40) in a pay period and that they were not paid overtime for those additional hours. Defendant moved for summary judgment and, after an extended briefing schedule, the Court granted summary judgment in Defendantt's favor. *See* Memorandum and Order entered July 26, 2012 [Doc. # 43].

Plaintiffs filed their Motion, arguing that the Court erred in granting summary judgment "based on Defendant's policy against working unauthorized overtime." Defendant filed its Bill of Costs, and Plaintiffs filed their Objections. These matters are ripe for decision.

## II. MOTION TO ALTER OR AMEND JUDGMENT

### A. Applicable Legal Standard

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367

F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### B.  Analysis

Plaintiffs have presented no newly discovered evidence. Instead, Plaintiffs assert that the Court committed manifest error when it based its summary judgment ruling on "Defendant's policy against working unauthorized overtime." The Court did not, however, grant summary judgment in favor of Defendant based on the existence of Defendant's policy. Instead, the Court considered substantial evidence presented by Defendant, which included but was in no way limited to the policy against working unauthorized overtime. The Court then noted that Plaintiffs had

failed to present evidence that raised a genuine issue of material fact regarding their assertion that they worked overtime hours that Weigand "suffered or permitted." For the reasons set forth in the Memorandum and Order entered July 26, 2012, the Court's ruling was correct and was not simply "based on Defendant's policy against working unauthorized overtime." As a result, the Court denies Plaintiffs' Motion to Alter or Amend Judgment.

### III.  OBJECTIONS TO BILL OF COSTS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party." Although Plaintiffs assert summarily that an award of costs in any amount "would impose a substantial hardship" on them, the Court finds no reason not to apply this general rule.

The elements of costs recoverable under Rule 54(d)(1) by the prevailing party are set forth in 28 U.S.C. § 1920. The elements requested by Defendant are fees for transcripts ($4,743.55), fees for witnesses ($440.00), and fees for making copies ($130.44), for total taxable costs in the amount of $5,313,99.[2]

Plaintiffs object to the request for fees for printed transcripts and electronically recorded depositions, asserting that Defendant is entitled to recover only for printed

---

[2]  In the Bill of Costs [Doc. # 45], Defendant requested $863.75 in fees for making copies. In the Response to Plaintiffs' Objections [Doc. # 49], Defendant agreed to reduce that amount to $130.44.

transcripts *or* electronically recorded depositions.  The relevant case law does not support Plaintiffs' position.  *See, e.g., Baisden v. I'm Ready Prods. Inc.*, 793 F. Supp. 2d 970, 976-78 (S.D. Tex. 2011); *Versata Software Inc. v. SAP Amer., Inc.*, 2011 WL 4436283, *1 (E.D. Tex. Sept. 11, 2011).  The Court concludes that Defendant is entitled to recover the fees for the depositions in both written and video format.

Plaintiffs object to the witness fees for the depositions of Kathy Pauly and Kelly Smith.  Defendant has demonstrated that it seeks only the $40.00 witness fee provided for in 28 U.S.C. § 1821(b), and the $180 daily subsistence provided for in 28 U.S.C. § 1821(d).  These fees are proper and recoverable as taxable costs.  *See, e.g., Baisden*, 793 F. Supp. 2d at 978-85.

Plaintiffs object to Defendant's requested fees for making copies of documents produced to Plaintiffs during discovery at a rate of $0.12 per page because that amount is more than charged by FedEx and by the Texas Workforce Commission, which each charge $0.10 per page.  Plaintiffs cite no authority for basing the requested fee on the rate charged by FedEx or by the Texas Workforce Commission, and they have made no showing that the requested $0.12 per page is unreasonable.  The Court concludes that the reduced fee of $130.44 is reasonable and recoverable as a taxable cost.

### IV.  CONCLUSION AND ORDER

Plaintiffs have failed to establish a basis for this Court to alter or amend its Memorandum and Order granting Defendant's Motion for Summary Judgment. Defendant's Bill of Costs, to the extent it has been reduced to $5,313.99, is supported by the law and the evidence. As a result, it is hereby

**ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment [Doc. # 46] is **DENIED**. It is further

**ORDERED** that Plaintiffs' Objections to Defendant's Bill of Costs [Doc. # 47] are **OVERRULED**. Taxable costs in the amount of **$5,313.99** are assessed against Plaintiffs.

SIGNED at Houston, Texas, this 6th day of **September, 2012**.

_____
Nancy F. Atlas
United States District Judge